891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Ainsworth JACKSON, a/k/a Larry Taylor, a/k/a Michael
Porter, a/k/a Alvin Wright, Defendant-Appellant.
 No. 89-5108.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 23, 1989.
Decided: Nov. 22, 1989.
 
 John Paul Woodley, Jr., Woodley, Simon & Woodley, on brief, for appellant.
 Thomas J. Ashcraft, United States Attorney, David A. Graham, Assistant United States Attorney, Thomas E. Booth, Department of Justice, on brief, for appellee.
 Before HARRISON L. WINTER, DONALD RUSSELL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Convicted of two counts of bank fraud in violatin of 18 U.S.C. § 1344, Charles Ainsworth Jackson appeals. He contends that the evidence at trial was insufficient as a matter of law to prove his guilt beyond a reasonable doubt and that the district court committed reversible error in failing to suppress the identification testimony of four witnesses because it was based upon an improperly suggestive procedure.
 
 
 2
 We perceive merit in neither contention, and we affirm.
 
 
 3
 The evidence was legally sufficient to support the findings of Jackson's guilt. The proof showed that Jackson, using a fake name, opened a corporate account in each of two banks, deposited worthless checks into those accounts, and then purchased an official bank check with a worthless check drawn on the corporate account. The official bank checks were used to purchase travelers' checks and to obtain cash. There was evidence that Jackson's fingerprints were on some of the worthless checks.
 
 
 4
 Four employees of the two banks identified Jackson as the person with whom, under a false name, they had a banking transaction which was part of the illegal scheme. It is true that each had been shown but a single photograph of Jackson by a law enforcement officer as a means of identifying Jackson before they testified in court. However, the district court with the assistance of a magistrate found that each witness had given a correct verbal description of Jackson before each was shown the photograph, that each had ample opportunity to form a detailed mental image of the person with whom he had transacted business, and that each made an in-court identification from his own recollection uninfluenced by his having been shown the single photograph. These findings are fully supported by the evidence and they are thus unassailable. The district court correctly admitted the identification testimony and permitted the jury to rely on it.
 
 
 5
 Because the case is fully presented in the briefs and we do not think that the decisional process would be aided by oral argument, we decide the case without hearing argument.
 
 
 6
 AFFIRMED.